**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JERRY GROVES, ) | 3:13-cv-00537-MMD-WGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | **Re: Doc. # 41** |
| CITY OF RENO, et al., ) | |
| Defendants. ) | |

Before the court is Plaintiff's Motion for Order Granting Leave to Substitute Designated Expert. (Doc. # 41.[1]) Defendant has opposed the motion (Doc. # 42) and Plaintiff has replied (Doc. # 43). After consideration of the filings, memoranda and exhibits submitted by the parties, the court denies the motion.

**I. BACKGROUND**

Defendant's memorandum of points and authorities sets forth a detailed time line of events pertinent to Plaintiff's motion. (Doc. # 42 at 2-5.) Certain of the events are significantly important to the court's decision, which the court repeats in pertinent part as follows:

**July 18, 2013:** Plaintiff filed his original Complaint in State Court with five (5) claims for relief, including a 42 U.S.C. § 1983 claim, and named as Defendants the City of Reno (City) and "Doe Officer" defendants.

**November 13, 2013:** The parties filed their Stipulated Discovery Plan and Scheduling Order. (Doc. # 11) It provided that expert disclosures are to be made by February 4, 2014 (with rebuttal

---

[1] Refers to court's docket number.

1  disclosures thirty days later), and all discovery is to be completed by April 7, 2014. The Scheduling
2  Order was signed by the undersigned on November 14, 2013. (Doc. # 12).

3        **November 13, 2013:** James Andre Boles, a Nevada lawyer the Plaintiff later designated as his
4  retained expert witness, is suspended from the practice of law in Nevada for one year. The Order of
5  Suspension, Supreme Court Case Number 61170, is a public record.

6        **January 30, 2014:** Plaintiff designated James Andre Boles as his expert witness (Exhibit 1 to
7  Plaintiffs Motion to Substitute).  Mr. Boles' Report and Curriculum Vitae portrayed him as a licensed
8  Nevada lawyer, but fails to disclose his suspension from the practice of law.

9        **February 24, 2014:** The City designates its expert witness.

10       **March 21, 2014:** Plaintiff's designated expert witness, James Andre Boles, receives a second
11 Order of Suspension from the practice of law in Nevada, for two years to run consecutively to his
12 previous suspension.

13       **April 7, 2014:** The discovery period ended under the parties' Stipulated Discovery Plan.

14       **May 9, 2014:** Plaintiff's original attorney, Jeffrey Dickerson, is suspended from the practice of
15 law in Nevada for 18 months.

16       **July 27, 2014:** Plaintiff's present attorney, Julie Cavanaugh-Bill, filed her Notice of Appearance
17 in the case (Doc. # 21).[2]

18       **August 8, 2014:** Plaintiff filed his Second Amended Complaint (ECF#26), in which Plaintiff
19 dropped the City from the lawsuit and substituted Defendant Johnson in as the sole Defendant in the
20 case, with only two claims for relief alleged. The filing of the Second Amended Complaint did not
21 require any additional discovery.

22       **May 4, 2015:** Plaintiff's counsel contacted defense counsel by email with a copy of Plaintiff's
23 proposed Motion to Substitute and asked whether there would be any objection to it.

24       **May 5, 2015:** Plaintiff's counsel provided the proposed expert, D.P. Van Blaricom's fee schedule
25 by email. Among the fees charged by Mr. Van Blaricom are minimum $2,000. 00 deposition fees (more
26 than five times his hourly rate), which the retaining attorney is supposed to somehow commit that

---

28 [2] The Court acknowledges that Plaintiff's current counsel, Julie Cavanaugh-Bill, was not Mr. Groves' attorney of record when Mr. Boles was identified as Plaintiff's expert.

opposing counsel will pay, and. first class air travel.

**May 5, 2015:** Plaintiff filed his present Motion to Substitute – at least five and half months after he indicated an intention to do so.

The docket reflects the deadline for disclosure of expert witnesses was designated in the Stipulated Discovery Plan and Scheduling Order as February 4, 2014. (Doc. # 12.) From Defendant's chronology, it also appears there may have been some discussion during the July - November 2014 time frame about the City Defendant(s) seeking disqualification of Mr. Boles, and/or the Plaintiff possibly seeking to substitute another expert in the place of Mr. Boles (depending possibly on the outcome of Defendants' motion for summary judgment filed September 30, 2014 (Doc. # 28)). Nevertheless, the motion to substitute the expert witness was not made until May 5, 3015. When defense counsel declined to stipulate to substitute another expert for disclosed expert Boles, this motion (Doc. # 41) followed.

## II. DISCUSSION

As noted above, Plaintiff disclosed his expert, James Andre Boles, on January 30, 2014. (Doc. # 41-1 at 4.) Because of a "blemish" on Mr. Boles' curriculum vitae, i.e., his suspension from the practice of law (Doc # 42-1 and # 42-2 at 2), Plaintiff now seeks to substitute an expert who is not tainted with the baggage with which Mr. Boles presents.

The rule governing disclosure of experts, Fed. R. Civ. P. 26(a)(2)(D), requires a party to disclose experts at the times and sequence the court order, which in this case was set for February 4, 2014. (Doc. # 12.) Rule 26 does not address the consequences of failing to disclose, or a late disclosure of, an expert witness. Instead, that subject is addressed in Rule 37, which as relevant to Plaintiff's motion provides in pertinent part as follows:

> (c) **Failure to Disclose, To Supplement an Earlier Response, or to Admit.**
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The issue before the court, therefore, is whether Plaintiff's attempt to substitute an expert witness is either "substantially justified" or "harmless."

Plaintiff argues that the failure to disclose a new expert he seeks to utilize, D.P. Van Blaricom, is justified and will not prejudice the Defendant (i.e., harmless). Plaintiff's reasons are:

3

1   (1) Plaintiff's counsel was not the attorney who retained and identified Mr. Boles (it was her
2 predecessor and the expert discovery deadline passed before she was counsel of record);
3   (2) Defendant never deposed Mr. Boles;
4   (3) Mr. Van Blaricom's report will be "substantially similar to that of Mr. Boles";
5   (4) Defendant's counsel has deposed Mr. Van Blaricom in the past; and
6   (5) Defendant has his own expert.
7 Plaintiff therefore posits that the substitution is both justified and will not prejudice the Defendants.
8 (Doc. # 41 at 2-3; Doc. # 43 at 1-2.)
9   Defendant disagrees as to the justification for the substitution as well as the prejudice the
10 Defendant would suffer if a substitution is permitted, as follows:
11   (1)  Predecessor counsel knew or should have known of Mr. Boles' infirmities because his
12 (Boles) suspension was published before Boles' disclosure (Doc. # 42 at 7);
13   (2) The Defendant's decision not to depose Boles was tactical and should not be used as a basis
14 to allow Plaintiff to retain a new expert (*id*., at 8);
15   (3) If a substitution were granted the case would necessarily be delayed in order to (a) depose
16 Mr. Van Blaricom, (b) possibly retain a new counter expert and (c) deposition(s) of Defendant's
17 expert(s) (*id.*);
18   (4) Deposing Mr. Van Blaricom would cause the Defendant significant expense due to
19 Van Blaricom's fees and travel expenses ($2,000 for a deposition and first class air travel) (*id.*, at 5, 6);
20   (5) Defendant participated in a settlement conference at which the Defendant, a member of the
21 Reno City Council, the Reno City Attorney and a Reno Police Department Deputy Chief attended.
22 Defendant's case evaluation for the settlement conference was based, in part at least, on Plaintiff's
23 reliance on an expert with flaws in the expert's curriculum vitae (*id*., at 5, 7-8);
24   (6) Defendant's motion for summary judgment was based in part on the nature of the case (*id*.;
25 Doc. # 28).
26   (7) If the motion is denied and if Plaintiff is allowed to utilize Mr. Van Blaricom, the trial date
27 would necessarily be extended for Van Blaricom's deposition, a determination by the Defendant whether
28 to proceed with his currently disclosed expert or to retain another expert and possible deposition(s) of

4

Defendant's expert(s) (*id*., at 8).

The court, of course, has wide discretion to determine to exclude evidence under Rule 26. *Granados v. Northern Nevada High Speed LLC*, 3:14-cv-00081-LRH-VPC (10/30/14), 2014 WL 5503118 at * 2, *citing R & R Sails Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012).

The burden is on the party seeking to avoid application of Rule 37(c) prohibiting untimely disclosures to establish that the amended disclosure is both substantially justified or harmless. *R & R Sails, Inc.,* at 1247, *citing Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). In fact, the Court of Appeals has held that when an expert is not timely disclosed, there is a *presumption* the opposing party is harmed. *Torres* at 1213.[3]

In the present case, in addition to the presumption of harm, the factual background reflects Defendant would in fact be harmed by the substitution of experts, as demonstrated in the additional discovery expense the Defendant would incur, a possible alteration of Defendant's strategies, and the disruption in the court's calendar. As District Judge Hicks noted in *Granados*, courts "are likely to be lenient if the delay can be rectified by a limited extension of the discovery timeline." *Granados* at * 2. But it does not appear the expert issue could be resolved in this matter with a "limited extension."

*Granados* also addressed the issue of delayed pre-trial disclosure of certain evidence, which the court deemed to be harmless because the tardy disclosure was made a month before close of discovery. *Granados* at * 4. The motion to substitute in this case came some 15 months after the deadline for disclosure of experts and some 13 months after the deadline for completion of discovery.

In *Wong v. Regents of the University of California*, 410 F.3d 1052 (9th Cir. 2005), the court ruled that:

> If [the plaintiff] had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have had to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to. The district court did not abuse its discretion here in refusing to permit [plaintiff] to supplement his disclosure with the additional expert witnesses and in barring testimony

---

[3] Unlike the impact of the exclusion of evidence in *R & R Sails* which was effectively tantamount to a dismissal, Plaintiff will be able to continue with his case despite this court's ruling on the substitution of experts. Thus, this court does not have to consider whether the noncompliance involved "willfulness, fault or bad faith." *R & R Sails* at 1247-1248.

by and relying upon those witnesses.

410 F.3d at 1062.[4]

### III. CONCLUSION

Plaintiff's motion (Doc. # 41) is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: June 18, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] In *Wong*, the Plaintiff attempted to justify his late disclosure of an expert because he contended he had not anticipated the scope of Defendants's experts's opinions. The court stated, "if Wong was caught by surprise, it was not the University's fault." 410 F.2d at 1062. Similarly, in this matter, it is not Defendant's fault if Plaintiff was caught by surprise as to the deficiencies in his expert's resume.